**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| PASQUALE MASTRIANI and LINDA MASTRIANI, | : : : | **NOTICE OF REMOVAL** |
| Plaintiffs, | : : | **CIVIL ACTION NO.:** |
| v. | : : | **JURY TRIAL DEMANDED** |
| FCA US LLC f/k/a CHRYSLER GROUP LLC, on its own and as successor in interest to OLD CARLO, LLC, JOHNSON CONTROLS, INC. ABC CORPS. 1-10, AND DEF CORPS, 1-10, | : : : : : : : | |
| Defendants. | | |

<u>**NOTICE OF REMOVAL**</u>

FCA US LLC f/k/a Chrysler Group LLC (hereinafter "FCA US") hereby removes the proceeding pending before the Superior Court of New Jersey, Law Division, Essex County, Docket # ESX-L-8798-14 (the "State Action"), to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§1331, 1332, 1452, 1441(a) and 1441(b). [1] The State Action is a civil proceeding arising under, arising in or related to cases under title 11 of the United States Code (the "Bankruptcy Code") over which the district courts have original jurisdiction under 28 U.S.C. §1334 and, therefore, is removable under 28 U.S.C. §1452(a). The State Action is also removable under §1441(a) and (b) because it is founded on a claim or right arising under the laws of the United States under 28 U.S.C. §1331 and §1332.

---

[1] FCA US intends to follow the filing of this Notice of Removal with a Motion to Transfer this matter to the Bankruptcy Court for the Southern District of New York.

**History of Proceedings**

1.      In the State Action, Pasquale Mastriani and Linda Mastriani ("Plaintiffs") filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County, Docket #: ESX-L-8798-14 (the "State Action") against Chrysler Group LLC "on its own and as successor in interest to Old Carco LLC" on December 15, 2014. The Complaint alleges strict liability breach of express warranty against Chrysler Group LLC in connection with the design, manufacture and sale of an allegedly defective 2003 Jeep Liberty. Plaintiffs seek recovery for personal injuries and loss of consortium as a result of an accident that occurred on or about October 24, 2014. A copy of Plaintiffs' Initial Complaint is attached hereto as "Exhibit A"

2.      On January 14, 2015, Plaintiffs filed an Amended Complaint against FCA US LLC f/k/a Chrysler Group LLC "on its own and as successor in interest to Old Carco LLC, and Johnson Controls, Inc. A copy of Plaintiffs' Amended Complaint is attached hereto as "Exhibit B."

3.      The Complaint alleges strict liability and breach of express warranty against FCA US LLC f/k/a Chrysler Group LLC and Johnson Controls, Inc.

4.      Plaintiffs' Complaint seeks compensatory and punitive damages from FCA US LLC for injuries allegedly sustained in the incident identified in the Complaint. ("Exhibit B", Plaintiffs' Amended Complaint, Counts IV, V and IX.

5.      Chrysler Group was served with a copy of the Plaintiffs' Complaint on December 30, 2014. A copy of the Service of Process Transmittal is attached hereto as "Exhibit C."

6.      Effective December 15, 2014, Chrysler Group LLC became known as FCA US LLC.

7.      FCA US LLC f/k/a Chrysler Group LLC did not design, manufacture or distribute the 2003 Jeep Liberty at issue. The 2003 Jeep Liberty at issue was designed, manufactured and distributed by DaimlerChrysler Corporation, a predecessor to Chrysler LLC.

8.      On April 30, 2009, Chrysler LLC (subsequently known as Old CarCo LLC and now known as Old CarCo Liquidation Trust) and 24 of its domestic direct and indirect subsidiaries (collectively the "Debtors") filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Old CarCo LLC's bankruptcy case, No. 09-50002 is currently pending before Bankruptcy Judge Stuart M. Bernstein (the "Bankruptcy Case).

9.      In violation of the orders entered by the Bankruptcy Court, the Plaintiffs have plead exemplary or punitive damages against FCA US LLC, f/k/a Chrysler Group LLC.

**<u>Summary of Facts Relating to the Chrysler Bankruptcy Case</u>**

10.     Plaintiffs seek to circumvent the final orders and opinions issued by the Bankruptcy Court expressly enjoining exemplary and punitive damages claims against FCA US LLC f/k/a Chrysler Group LLC.

11.     In connection with the filing of the Bankruptcy Case, the Debtors, Fiat S.p.A. ("Fiat") and Chrysler Group (then known as New CarCo Acquisition LLC) entered into a Master Transition Agreement dated as of April 30, 2009 (the "Purchase Agreement"). (A copy of the Purchase Agreement and Amendments is attached hereto as "Exhibit D"'). The Purchase Agreement provided that the Debtors would sell substantially all of their operating assets to Chrysler Group and Fiat.

12.     After giving notice to all known interested parties, the Bankruptcy Court held a three day evidentiary hearing to consider the approval of the Purchase Agreement.

13.     After receiving evidence, hearing arguments and analyzing all relevant motions and objections pertaining to the proposed Purchase Agreement, the Bankruptcy Court issued its *Opinion Granting Debtors' Motion Seeking Authority to Sell, Pursuant to 11 U.S.C. §363, Substantially All of the Debtors' Assets, In re: Old CarCo LLC (f/k/a Chrysler LLC),* No. 09-50002, (Bankr. S.D.N.Y. May 31, 2009) (Docket No. 3073), attached hereto as "Exhibit E",

which expressly considered and overruled various objections to the sale; specifically, *the*
Bankruptcy Court overruled the objections that the pending actions against Chrysler LLC,
subsequently known as Old CarCo LLC and now known as Old CarCo Liquidation Trust, for
alleged tortious conduct would not be assumed by Chrysler Group. *Id.* pp. 42-44. This ruling by
the Bankruptcy Court was affirmed in all respects by the Second Circuit Court of Appeals,
which held: "Because [the claims] arose from Old Chrysler's property, §363(f) permitted the
bankruptcy court to authorize the Sale free and clear of [the claimants'] interest in the property."
*In re Chrysler LLC,* 576 F.3d 108, 126 (2d Cir. 2009) *cert. granted, judgment vacated sub nom.*
*Indiana State Police Pension Trust v. Chrysler LLC,* 130 S. Ct. 1015 (U.S. 2009) *and vacated*
*sub nom. In re Chrysler,* LLC, 592 F.3d 370 (2d Cir. 2010)

14.     On June 1, 2009, the Bankruptcy Court entered its *Order (I) Authorizing the Sale*
*of Substantially All of the Debtors' Assets Free and Clear of all Liens, Claims, Interests and*
*Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts*
*and Unexpired Leases in Connection Therewith and Related Procedures and (III) Granting*
*Related Relief In re: Old CarCo LLC (f/k/a Chrysler LLC),* No 09-50002, (Bankr. S.D.N.Y.
May 20, 2009) (Docket No. 3232), attached hereto as "Exhibit F" (hereinafter the "Sale Order"),
*aff'd, Indiana State Police Pension Trust v. Chrysler LLC (In re: Chrysler LLC),* 2009 U.S.
App. LEXIS 17441 (2d Cir. August 5, 2009) (holding that the sale of Chrysler LLC's assets
under 11 U.S.C. §363 "free and clear of any interest in such property" was a sale of the assets
free and clear of any liens or claims, including the pending product liability claims). *In re*
*Chrysler LLC,* 576 F.3d at 126. The transaction identified in the Sale Order closed on June 10,
2009 ("Closing Date")

15.     On November 19, 2009, the U.S. Bankruptcy Court for the Southern District of
New York approved the Fourth Amendment to the Master Transaction Agreement among Fiat

S.P.A., Chrysler Group and Old CarCo LLC (formally Chrysler LLC). (See Stipulation and Agreed Order, "Exhibit G").

16.     The Fourth Amendment to the Master Transaction Agreement specifically excludes any claims for exemplary and punitive damage claims against Chrysler Group relating to vehicles manufactured prior to the Closing Date involved in accidents occurring on or after the Closing Date. (See "Exhibit G", Annex A).

17.     The vehicle that forms the basis of the Plaintiffs' punitive damages claims is a 2003 Jeep Liberty; the accident date was October 24, 2014. The vehicle was manufactured prior to the Closing Date, and the accident occurred subsequent to the Closing Date. (See "Exhibit B").

18.     The Sale Order is a final order for which all appellate remedies have been exhausted. *See In re Chrysler LLC,* 576 F.3d at 126.

19.     The Bankruptcy Court ruled that the bankruptcy laws under which it issued orders and opinions preempt any conflicting state laws, such as the state successor liability law relied upon by the Plaintiffs, and the Bankruptcy Order expressly retained jurisdiction to resolve all matters relating to the implementation, enforcement and interpretation of the very orders and opinions that Plaintiffs seek to circumvent in the State Action. (See "Exhibit F", p. 49, ¶59 and "Exhibit G"). Accordingly, the State Action requesting punitive damages is an impermissible collateral attack on the Bankruptcy Court's orders and opinions.

## Grounds for Removal of the State Action

### A. The State Action arises under, arises in, or is related to a case under Title 11.

20.     The United States District Court for the District of New Jersey has original jurisdiction of the State Action under 28 U.S.C. §1334(b) because the State Action arises under Title 11, or arises in or is related to a case under Title 11. 28 U.S.C. §1334(b); *see Doss v. Chrysler Group, LLC,* 2009 WL 4730932 (D. Ariz. December 7, 2009) (finding that removal of

a product liability action against Chrysler Group was proper because the action was related to a Title 11 bankruptcy case); *Anchor Tool & Die Co. v. Chrysler Group LLC,* No. 1:09-cv-1524 (N.D. Ohio July 21, 2009) (holding that a declaratory judgment action against Chrysler Group LLC was "related to" a case under Title 11); *Continental National Bank of Miami v. Sanchez (In re: Toledo),* 170 F.3d 1340 (11th Cir. 1999) ("A Claim is 'related to' a bankruptcy case within the meaning of §1334(b) if it 'could conceivably have any effect' on the bankruptcy estate." Id. at 1345, citing *Miller v. Kemira Inc. (In re Lemco Gypsum, Inc.),* 910 F.2" 784 (11ᵗʰ cir. 1990). In matters in which the bankruptcy case is still open, the court need only "determine whether a matter is at least related to the bankruptcy," to decide whether it has jurisdiction over the matter. *Cano v. CMAC Mortgage Corp. (In re: Cano),* Case No. 02-70359, Adversary No. 08-07019, 2009 Bankr. LEXIS 2223 (Bankr. S.D. Tx. August 10, 2009).

21.    Plaintiffs' punitive damage allegations against FCA US LLC f/k/a Chrysler Group LLC in the State Action clearly relate to the case in Bankruptcy Court. Plaintiffs' cause of action is a "claim" which relates to the purchase of an vehicle designed, manufactured and distributed pre-bankruptcy by Chrysler LLC, subsequently known as Old CarCo LLC and now known as Old CarCo Liquidation Trust, and therefore is a claim against the Debtors under §101(5) of the Bankruptcy Code. An attempt to recover punitive damages from either the Debtors or Chrysler Group could have a direct and immediate effect on the Debtors' estates.

22.    Further, Plaintiffs' punitive damage claims against FCA US LLC f/k/a Chrysler Group LLC as a defendant in the State Action is a direct challenge to the Bankruptcy Court's Sale Order and related opinions under §363 of the Bankruptcy Code. Plaintiffs seek to have the New Jersey Superior Court require FCA US LLC f/k/a Chrysler Group LLC to assume the very liabilities that the Bankruptcy Court expressly ruled it was not required to assume and in fact were deemed released. Plaintiffs' First Amended Complaint violates the injunction entered by Judge Gonzales in the Bankruptcy Court.

23.     The punitive damage claims and causes of action asserted in the State Action also fall squarely within the jurisdiction expressly retained by the Bankruptcy Court in the Sale Order to resolve all matters relating to the implementation, enforcement and interpretation of the order. The Sale Order explicitly states:

This Court retains jurisdiction to interpret, implement and enforce the terms and provisions of this Sale Order including to compel delivery of the Purchased Assets, to protect the Purchaser against any Claims and to enter any orders under sections 105, 363 or 365 (or other applicable provisions) of the Bankruptcy Code to transfer the Purchased Assets and the Assumed Agreements to the Purchaser.

See Exhibit D, p. 49, ¶59 (emphasis added). See also "Exhibit G".

It is well-settled that a bankruptcy court retains continuing jurisdiction to interpret and enforce its own orders. *Travelers Indemnity Co. v. Bailey,* 129 S.Ct. 2195, 2205 (March 20, 2009); *see also Massey v. Conseco, Inc.,* 1:03-CV-1701-LJM-VSS, 2004 WL 828229 at *7 (S.D. Ind. 2004) ("The bankruptcy court also retains jurisdiction to enforce and interpret its own orders."). This continuing jurisdiction arises from the power of a federal court to implement, enforce, or clarify its prior decrees. *See In re: Liberty Music & Video, Inc.,* 50 B.R. 379, 384-85 (S.D.N.Y. 1985); *see also In re: Franklin,* 802 F.2d 324, 326 (9th Cir. 1986). A bankruptcy court retains jurisdiction over its orders to resolve disputes as to what was intended by the terms of its orders and whether parties have complied with or violated those orders. *In re: Earl Roggenbuck Farms, Inc.,* 51 **B.R.** 913, 925 (Bankr. **E.D.** Mich. 1985). A federal court sitting in bankruptcy may also take jurisdiction of ancillary claims connected to its prior orders. *See, e.g. In re: Personal Computer Network, Inc.,* 97 B.R. 909, 911-12 (N.D. Ill. 1989) (finding that the court had jurisdiction over a dispute between the purchaser of debtor's telephone numbers and other, non-debtor telephone company); *In re.: Petrolia Corp.,* 79 B.R. 686, 688-89 (Bankr. E.D. Mich. 1987). Bankruptcy courts have jurisdiction over proceedings to determine the effect of prior

orders entered by the bankruptcy court. *See, e.g., In re: Williams,* 256 B.R. 885, 892 (8th Cir. 2001); *Kalamazoo Realty Venture Ltd. Partnership v. Blockbuster Entertainment Corp.,* 249 B.R. 879, 887 (N.D. Ill. 2000).

24.     Plaintiffs' punitive damage claim against FCA US LLC f/k/a Chrysler Group in the State Action essentially requires the state court to interpret the Bankruptcy Court's Sale Order and construe federal bankruptcy law. The interpretation of this Sale Order and bankruptcy law relating to it, especially in light of the continuing bankruptcy proceedings, is the exclusive province of the Bankruptcy Court. *See Travelers Indemnity Co.,* 129 S.Ct. at 2205; *Massey v. Conseco, Inc.,* 1:03-CV-1701-LJM-VSS, 2004 WL 828229 at *7 (S.D. Ind. 2004). See *also Cole v. Daimler AG,* No. 1:09-cv-2509-RWS (N.D. Ga. Dec. 3, 2009) (holding that "[t]he Bankruptcy Court has already ruled on similar issues and explicitly retained jurisdiction over matters relating to the Sale Order" in a tort action against Chrysler Group).

**B. The State Action is founded on claims or rights arising under the laws of the United States.**

25.     Plaintiffs' punitive damage claim against Chrysler Group and the relief requested thereunder conflict with federal bankruptcy law and the orders and opinions issued by the Bankruptcy Court and are, therefore, completely preempted. *See Import & Mini Car Parts, Ltd., Inc. v. Conte,* 203 B.R. 124, 132 (N.D. Ind. 1996) (holding that the orders of a federal bankruptcy court are entitled to full faith and credit by state courts); *In re Smither, 194 B.R. 102, 106 (Bankr. W.D. Ky. 1996)* (holding that federal courts maintain exclusive jurisdiction in determining whether a debt is dischargeable in bankruptcy); *Hammes v. Brumley,* 659 N.E.2d 1021, 1027 (Ind. 1995) (finding the Indiana Supreme Court has recognized "the supremacy of the federal courts in matters related to bankruptcy proceedings"); *see also All American Housing of Alabama, Inc. v. Lambert (In re: All American of Ashburn, Inc.),* 56 B.R. 186 (Bankr. N.D. Ga. 1986) (holding that the sale of assets free and clear of all claims under 11

U.S.C. § 363 precludes the application of the successor liability doctrine and permanently enjoining the tort claimant from prosecuting her product liability suit against a company purchasing assets of a bankrupt company). Where complete preemption applies, the applicable federal statute "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *See Roddy v. Grand Trunk W R.R. Inc.,* 395 F.3d 318, 32223 (6th Cir. 2005). If a federal statute completely preempts a state cause of action, the complaint necessarily "arises under" federal law and the action is subject to removal. *See Caterpillar, Inc. v. Williams,* 482 U.S. 386, 393 (1987); *MSR Exploration, Ltd. v. Meridian Oil, Inc.,* 74 F.3d 910, 913 (9th Cir. 1996). At least one Circuit Court has applied the complete preemption doctrine to provisions of the Bankruptcy Code. *See In re Miles,* 430 F.3d 1083, 1091 (9th Cir. 2005).

### C. The State Action is a Core Proceeding.

26.     The removed proceeding is a core proceeding under 28 U.S.C. §157(b). Plaintiffs' First Amended Complaint for punitive damages seeks to modify the Bankruptcy Court's order of June 1, 2009, which authorized the sale, pursuant to 11 U.S.C. §363, of substantially all of the assets of Old CarCo LLC (formerly Chrysler LLC and now known as Old CarCo Liquidation Trust) free and clear of all liens, claims, interests and encumbrances. It also violates the provision of the Sale Order enjoining tort claimants such as the Plaintiffs from proceeding with a punitive damages claim in their State Action. As such, this proceeding is a core proceeding because an order approving the sale of an estate's property is a core proceeding under 28 U.S.C. §157(b)(2)(N), and the interpretation of its Sale Order is a core proceeding in the Bankruptcy Court. *Morris v. Puleo (In re: Performance Matters, Inc.),* 309 B.R. 819 (Bankr. M.D. Fl. 2004). Additionally, Plaintiffs' First Amended Complaint is based on recovering from Chrysler Group liabilities expressly retained by Old CarCo LLC under the Sale Order. Yet, in affirming the Sale Order entered by the Bankruptcy Court, the Second Circuit Court of Appeals

held that "[t]he possibility of transferring assets free and clear of existing tort liability was a critical inducement to the Sale [of assets to Chrysler Group]." *In re Chrysler LLC,* 576 F.3d at 126. As such, the State Action involves rights specifically established by the Sale Order within the core jurisdiction of the Bankruptcy Court. *Luan Investment S.E. v. Franklin 145 Corp. (In re: Petrie Retail, Inc.),* 304 F.3d 223 (2d Cir. 2002).

27.    This proceeding is also within the core jurisdiction of the Bankruptcy Court because it affects the rights of the debtors and creditors as to "matters concerning the administration of the [bankruptcy] estate" and requires a determination as to the "allowance or disallowance of claims against the estate." 28 U.S.C. § 157(b)(2)(A) & (B). The payment of creditors' claims in accordance with the priority scheme created in the Bankruptcy Code and the ability of a debtor to resolve claims of its creditors in bankruptcy are rights which arise exclusively in bankruptcy. To allow claimants to assert successor liability claims against a purchaser while limiting other creditors' recourse to the proceeds of the asset sale would be inconsistent with the Bankruptcy Code's priority scheme. *See Wallenmeyer v. Natl. City Bank of Kentucky,* 2002-CA-002000-MR, 2003 WL 23095674 at *2 (Ky. App. 2003) (holding that Bankruptcy Court has the authority to sell property without limitation). *See also, Faulkner v. Bethlehem Steel/Intern. Steel Group,* 2:04-CV-34 PS, 2005 WL 1172748 (N.D. Ind. 2005), *citing In re: Trans World Airlines, Inc.,* 332 F.3d 283 (3rd Cir. 2003); *see also In re: All American of Ashburn, Inc.,* 56 B.R. 186 (Bankr. N.D. Ga. 1986) (holding that one purpose of the Bankruptcy Code is to create an "equality of distribution" in payments to creditors by providing a priority scheme for payments to creditors used by the Bankruptcy Court when administering the bankruptcy estate); *In re: New England Fish Co.,* 19 B.R. 323, 328 (W.D. Wash. 1982) (holding that to allow claims to proceed under a theory of successor liability following a bankruptcy sale would afford certain claimants an unwarranted priority). Based on this underlying purpose of the Bankruptcy Code, the *Faulkner* and *Lambert* Courts reasoned

that allowing a creditor to assert a claim based on successor liability would alter the Congressionally created priority scheme in the Bankruptcy Code and allow the claims of a creditor who recovered based on the theory of successor liability in state court to receive priority over claims of creditors administered through the proper method in the Bankruptcy Court and held that a sale under 11 U.S.C. § 363 free and clear of all liens and encumbrances included all claims for successor liability. A clear conclusion supported by *Faulkner* and *Lambert* is that the payment and/or resolution of creditors' claims are substantive rights created by the Bankruptcy Code and are core bankruptcy functions as to "matters concerning the administration of the estate." *See In re Petrie Retail, Inc.,* 304 F.3d 223, 230 (2nd Cir. 2002) (holding that a contractual dispute requiring the interpretation of the bankruptcy court's sale order coupled with the proof of claim filed with the bankruptcy court regarding the same dispute invoked the core jurisdiction of the bankruptcy court because it required interpretation of the sale order to determine the administration of claims in the bankruptcy court, a matter in the core jurisdiction of the bankruptcy court).

28.    Similarly, in this case, Plaintiffs' attempt to recover punitive damages from Chrysler Group necessarily affects the administration of the bankruptcy estate, a core proceeding of the Bankruptcy Court under 28 U.S.C. § 157(b)(2)(A). Plaintiffs' punitive damage claims require a determination as to the administration of tort claims in the bankruptcy estate. Such a determination would affect all similarly situated tort plaintiffs. A determination by a court other than the Bankruptcy Court as to the viability of Plaintiffs' claims would create a common law reprioritization of payment of creditors' claims based on the decisions of courts in all fifty states and effectively remove the administration of Old CarCo LLC's estate from the statutorily vested control of the Bankruptcy Court. The resulting higher prioritization of hundreds of tort claimants' unsecured and unproven claims would result in removal of the administration of Old CarCo LLC's estate from the Bankruptcy Court and would be detrimental

to Old CarCo LLC's estate. Therefore, this proceeding is a core proceeding relating to matters of administration of the bankruptcy estate.

### D. Diversity of Citizenship Exists

29.     The State Court where this action was originally filed is located in Essex County, New Jersey, which is within this jurisdictional district.

30.     Removal from the Superior Court of New Jersey, Law Division, Essex County is proper under 28 U.S.C. §§1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

31.     This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 because the parties are citizens of different states, and the matter in controversy exceeds $75,000.

32.     Plaintiffs allege they are citizens of the State of New Jersey and reside in Essex Fells, Essex County, New Jersey. (See "Exhibit B").

33.     Defendant FCA US LLC is a Delaware limited liability company with its principal place of business in Michigan, and by virtue of which it is a citizen of the states of Delaware and Michigan. As a limited liability company, FCA US LLC f/k/a Chrysler Group LLC's citizenship is further determined by the citizenship of its members. FCA US has one member, FCA North America Holdings LLC, a Delaware limited liability company with its principal place of business in New York and whose sole member is Fiat Chrysler Automobiles N.V, a corporation organized and existing under the laws of The Netherlands, with its principal place of business in England. None of the members are New Jersey citizens. Accordingly, at the time of the commencement of this action, Chrysler Group was not and is not a citizen of New Jersey.

34.     Defendant Johnson Controls, Inc. is incorporated in the State of Wisconsin, with its principal place of business in Milwaukee, Wisconsin.

35.     Upon information and belief, Defendant Johnson Controls, Inc., has not been served with a copy of the Summons and Complaint.

36.     Defendant Johnson Controls, Inc. has been put on notice of the Plaintiffs' Amended Complaint, and has consented to remove this matter to the United States District Court for the District of New Jersey. )See Consent to Remove signed by counsel for Johnson Controls, Inc., "Exhibit H").

37.     It is FCA US LLC's position that Removal from the Superior Court of New Jersey Law Division, Essex County is proper under 28 U.S.C. § 1441(a) and (b).

38.     Plaintiffs' Complaint arises out of an alleged automotive accident that occurred on October 24, 2014, in which Plaintiff Pasquale Mastriani sustained injuries. (See "Exhibit B", ¶6).

39.     Plaintiffs allege that FCA US LLC and Johnson Controls, Inc. are strictly liable in tort pursuant to the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1 et. seq. and are liable to Plaintiffs for breach of express warranty. ("Exhibit B").

40.     In their Complaint, Plaintiffs allege that Plaintiff Pasquale Mastriani sustained severe spinal injuries, and is now a quadriplegic. ("Exhibit B" at ¶6)

41.     In a telephone call with Plaintiffs' counsel on January 9, 2015, Plaintiffs' counsel confirmed that Mr. Mastriani sustained severe injuries including quadriplegia.

42.     On January 28, 2015, counsel for FCA US LLC wrote to Plaintiffs' counsel confirming that Plaintiffs were seeking damages in excess of $75,000. (See 1/28/15 correspondence from FCA US LLC's counsel to Plaintiffs' counsel, "Exhibit I").

43.     Based on the factors listed above, the amount in controversy exceeds $75,000.

44.     Based on the foregoing, the requirements of 28 U.S.C. §1441(a) and (b), 1446 and 1332 have been satisfied and the within matter is properly removable.

### Process and Pleadings

45.     Plaintiffs' Initial Complaint was filed on December 15, 2014 and served on Defendant Chrysler Group LLC on December 30, 2015. This Notice of Removal is being timely filed within thirty (30) days of service.

46.     Written notice of the filing of this Notice of Removal will be given promptly to all parties who have appeared in this action.

47.     All pleadings filed in the State Court Action have been attached hereto as Exhibits. (See "Exhibit A", Plaintiffs' Initial Complaint; "Exhibit B", Plaintiffs' Amended Complaint and "Exhibit C", Proof of Service and Summons).

48.     The written notice of filing and a copy of the Notice of Removal are being been filed with the clerk of the New Jersey Superior Court Law Division, Essex County simultaneously with the filing of this Notice of Removal.

**WHEREFORE** Defendant FCA US LLC f/k/a Chrysler Group LLC respectfully requests that the State Action be removed from the Superior Court of New Jersey Law Division, Essex County to the United States District Court for the District of New Jersey.

Dated: January 29, 2015                    /s/ *BONNIE H. HANLON*
                                            Bonnie H. Hanlon, Esquire
                                            **GOLDBERG SEGALLA LLP**
                                            902 Carnegie Center, Suite 100
                                            Princeton, NJ 08540
                                            609-986-1326
                                            609-986-1301 - Fax
                                            Attorneys for Defendant FCA US LLC, f/k/a
                                            Chrysler Group LLC.