David A. Mazie, Esq. (Attorney Id.#: 017941986)
MAZIE SLATER KATZ & FREEMAN, LLC
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-9898
Attorneys for Plaintiffs

| | |
|---|---|
| PASQUALE MASTRIANI and LINDA MASTRIANI, <br><br> Plaintiffs, <br><br> vs. <br><br> FCA US LLC f/k/a/ CHRYSLER GROUP LLC, on its own and as successor in interest to OLD CARCO, LLC, JOHNSON CONTROLS, INC., ABC CORPS. 1-10, and DEF CORPS. 1-10, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: ESSEX COUNTY <br> DOCKET NO.: ESX-L-8798-14 <br><br> CIVIL ACTION <br><br> **AMENDED COMPLAINT, JURY DEMAND AND TRIAL ATTORNEY DESIGNATION** |

Plaintiffs, Pasquale Mastriani and Linda Mastriani, by way of Complaint against the defendants, say:

### THE PARTIES

1. At all relevant times, plaintiffs Pasquale Mastriani and Linda Mastriani have been husband and wife residing in the Township of Essex Fells, County of Essex, State of New Jersey.

2. Old Carco LLC was in the business of designing, manufacturing and selling motor vehicles, including the 2003 Jeep Liberty which is the subject of this lawsuit. Old Carco filed for bankruptcy and its assets were then purchased in 2009 by Chrysler Group LLC, a Delaware limited liability corporation authorized to do business in the State of New

Jersey. In December 2014, Chrysler Group, LLC changed its name to FCA US LLC (collectively "Chrysler"). Chrysler is in the business of designing, manufacturing, selling and/or distributing motor vehicles to New Jersey consumers and others. By virtue of a Master Transaction Agreement, as amended and approved by the bankruptcy court, Chrysler assumed liability for any product liability claims arising out of motor vehicles designed, manufactured, or sold by Old Carco – including the 2003 Jeep Liberty which is the subject of this lawsuit.

3. Defendant Johnson Controls, Inc. ("JCI") is a Wisconsin corporation with a principal place of business in the State of Wisconsin. JCI is in the business, inter alia, of designing, manufacturing, testing, inspecting, selling, advertising, and/or distributing the driver seat assembly and/or its components for the 2003 Jeep Liberty, which is the subject of this lawsuit.

4. At all relevant times, defendants ABC Corps 1-10 (said names presently unknown and fictitious) were corporations, limited liability companies, partnerships or other entities that were/are in the business of designing, manufacturing, testing, inspecting, selling, advertising and/or distributing the driver seat assembly and/or its components of the 2003 Jeep Liberty which is the subject of this lawsuit.

5. At all relevant times, defendants DEF Corps 1-10 (said names presently unknown and fictitious) were corporations, limited liability companies, partnerships or other entities that were/are in the business of designing, manufacturing, testing, inspecting, selling, advertising and/or distributing the front airbags and/or its components of the 2003 Jeep Liberty which is the subject of this lawsuit.

## ALLEGATIONS COMMON TO ALL COUNTS

6. On October 24, 2014, plaintiff Pasquale Mastriani was seat-belted and traveling westbound in his 2003 Jeep Liberty on Route 280 in Newark, New Jersey. Mr. Mastriani switched lanes and then rear-ended a vehicle driven by Christine Ferrer, who had stopped for traffic. As a result of the collision, the seat frame assembly of the driver's seat cracked and separated from the floorboard. This caused Mr. Mastriani and his seat to be propelled forward, with his head impacting the roof of the vehicle. The driver air bag also failed to deploy. As a result of the accident, Mr. Mastriani suffered severe spinal injuries and is now a quadriplegic.

## FIRST COUNT

7. The front seat assembly in the Jeep Liberty contains a manufacturing and/or design defect which causes it to crack and separate from the floorboard. Because it contained the aforementioned defects in its seat assembly, the Jeep was dangerously defective and unfit and unsafe for its intended and reasonably foreseeable uses.

8. As a direct and proximate result of the defective seat assembly and/or its components being manufactured, inspected, designed, tested, formulated, sold, maintained, and/or distributed by defendants Old Carco LLC, JCI and/or ABC Corps. 1-10, Pasquale Mastriani suffered severe and permanent injuries and has and will continue to suffer great pain and mental anguish.

9. Defendants Chrysler, through the Master Transaction Agreement, JCI and ABC Corps. 1-10 are strictly liable in tort pursuant to the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et. seq.

WHEREFORE plaintiff, Pasquale Mastriani demands judgment against defendants FCA US LLC, Johnson Controls, Inc. and ABC Corps. 1-10 for compensatory damages,

interest, attorneys' fees, costs of suit, and such further relief as the Court deems equitable and just.

## SECOND COUNT

10. Plaintiff, Pasquale Mastriani repeats and realleges the allegations heretofore plead in this Complaint.

11. Old Carco LLC, and ABC Corps. 1-10 expressly represented and warranted that the subject Jeep was properly manufactured, formulated, tested and/or designed, and was fit and safe for its intended foreseeable uses. It was not.

12. Defendants FCA US LLC, through the Master Transaction Agreement, and ABC Corps. 1-10 have therefore breached their express warranties to plaintiff.

WHEREFORE plaintiff, Pasquale Mastriani demands judgment against defendants, FCA US, and ABC Corps. 1-10 for compensatory damages, interest, attorneys' fees, costs of suit, and such further relief as the Court deems equitable and just.

## THIRD COUNT

13. Plaintiff, Pasquale Mastriani repeats and realleges the allegations heretofore plead in this Complaint.

14. Defendants Old Carco LLC, and ABC Corps. 1-10 had a duty to warn Pasquale Mastriani and others of the dangerous, defective and unsafe condition of the Jeep.

15. These defendants, with disregard for the safety of plaintiff and others, failed to warn, among other things, that the seat assembly was defective and had a propensity to crack and separate from the floorboard, and that the vehicle should not be driven until the defect has been fixed.

16. As a result of this failure to warn, Pasquale Mastriani suffered severe and permanent injuries, pain and suffering, and will continue to endure pain, suffering and mental anguish and will be prevented from engaging in his normal activities.

17. Defendants FCA US LLC, through the Master Transaction Agreement, and ABC Corps. 1-10 are strictly liable in tort for their wrongful conduct pursuant to the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1 et. seq.

WHEREFORE plaintiff, Pasquale Mastriani demands judgment against defendants, FCA US LLC, and ABC Corps. 1-10 for compensatory damages, interest, attorneys' fees, costs of suit, and such further relief as the Court deems equitable and just.

## FOURTH COUNT

18. Plaintiff, Pasquale Mastriani repeats and realleges the allegations heretofore plead in this Complaint.

19. After the execution and approval of the Master Transaction Agreement, Chrysler learned that the seat assembly in the Jeep Liberty contains a manufacturing and/or design defect which causes it to crack and separate from the floorboard which can subject drivers of its 2003 Jeep Liberty vehicles to serious personal injury. Chrysler has been fully aware of this problem through numerous reports to it and its subsidiaries of such incidents, but it has failed to remedy the issue, warn of the issue, or recall the affected vehicles. Chrysler is therefore strictly liable in tort pursuant to the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et. seq. for its failure to warn or otherwise take remedial corrective action. Chrysler's actions were committed in a wanton, willful and/or reckless manner, without due regard for the safety of drivers such as Pasquale Mastriani.

20. As a direct and proximate result of Chrysler failing to remedy the defective seat assembly and/or its components, warn of the issue, or recall the affected vehicle, plaintiff Pasquale Mastriani suffered severe and permanent injuries and has and will continue to suffer great pain and mental anguish.

WHEREFORE plaintiff, Pasquale Mastriani demands judgment against defendant FCA US LLC for compensatory damages, interest, punitive damages, attorneys' fees, costs of suit, and such further relief as the Court deems equitable and just.

## FIFTH COUNT

21. Plaintiff, Pasquale Mastriani repeats and realleges the allegations heretofore plead in this Complaint.

22. Prior to the automobile accident which is the subject of this suit, JCI learned that the type of seat assembly installed in the subject Jeep Liberty contains a manufacturing and/or design defect which causes it to crack and separate from the floor board which can subject drivers of the 2003 Jeep Liberty, and other vehicles containing this seat assembly, to serious personal injury.

23. JCI has been fully aware of this problem through numerous reports to it but it has failed to remedy the issue, warn of the issue, or recall the defective seat assembly. JCI is therefore strictly liable in tort pursuant to the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et. seq. for its failure to warn or otherwise take remedial corrective action. JCI's actions were committed in a wanton, willful and/or reckless manner, without due regard for the safety of drivers such as Pasquale Mastriani.

24. As a direct and proximate result of JCI failing to remedy the defective seat assembly and/or its components, warn of the issue, or recall the defective seat assembly,

6

plaintiff Pasquale Mastriani suffered severe and permanent injuries and has and will continue to suffer great pain and mental anguish.

WHEREFORE, plaintiff Pasquale Mastriani demands judgment against defendant Johnson Controls, Inc. for compensatory damages, interest, punitive damages, attorneys' fees, costs of suit and such further relief as the court deems equitable and just.

## SIXTH COUNT

25. Plaintiff, Pasquale Mastriani repeats and realleges the allegations heretofore plead in this Complaint.

26. At the time of the collision, the Mastriani vehicle was travelling at a high enough rate of speed -- and fully impacted with the Ferrer vehicle -- such that the driver side front airbag should have deployed. The failure of the airbags to deploy was due to design and/or manufacturing defects. Because it contained the aforementioned defects in its air bags, the Jeep was dangerously defective and unfit and unsafe for its intended and reasonably foreseeable uses.

27. As a direct and proximate result of the defective air bags and/or their components being manufactured, inspected, designed, tested, formulated, sold, maintained, and/or distributed by defendants Old Carco LLC and/or DEF Corps. 1-10, Pasquale Mastriani suffered severe and permanent injuries and has and will continue to suffer great pain and mental anguish.

28. Defendant FCA US LLC through the Master Transaction Agreement, and DEF Corps. 1-10 are therefore strictly liable in tort pursuant to the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et. seq.

7

WHEREFORE plaintiff, Pasquale Mastriani demands judgment against defendants, FCA US LLC and DEF Corps. 1-10 for compensatory damages, interest, attorneys' fees, costs of suit, and such further relief as the Court deems equitable and just.

## SEVENTH COUNT

29. Plaintiff, Pasquale Mastriani repeats and realleges the allegations heretofore plead in this Complaint.

30. Defendants Old Carco LLC and DEF Corps. 1-10 had a duty to warn Pasquale Mastriani and others of the dangerous, defective and unsafe condition of the Jeep.

31. These defendants, with disregard for the safety of plaintiff and others, failed to warn of the risks of serious harm including, but not limited to, the fact that the front airbags were defective and would not properly deploy.

32. As a result of this failure to warn, Pasquale Mastriani suffered severe and permanent injuries, pain and suffering, and will continue to endure pain, suffering and mental anguish and will be prevented from engaging in his normal activities.

33. Defendant FCA US LLC through the Master Transaction Agreement, and DEF Corps. 1-10 are therefore strictly liable in tort for their failure to warn pursuant to the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1 et. seq.

WHEREFORE plaintiff, Pasquale Mastriani demands judgment against defendants, FCA US LLC and DEF Corps. 1-10 for compensatory damages, interest, attorneys' fees, costs of suit, and such further relief as the Court deems equitable and just.

## EIGHTH COUNT

34. Plaintiff, Pasquale Mastriani repeats and realleges the allegations heretofore plead in this Complaint.

35. Defendants Old Carco LLC and DEF Corps. 1-10 expressly represented and warranted that the subject Jeep was properly manufactured, formulated, tested, inspected and/or designed, and was fit and safe for its intended foreseeable uses. It was not.

36. Defendant FCA US LLC through the Master Transaction Agreement, and DEF Corps. 1-10 have therefore breached their express warranties.

WHEREFORE plaintiff, Pasquale Mastriani demands judgment against defendants, FCA US LLC and DEF Corps. 1-10 for compensatory damages, interest, attorneys' fees, costs of suit, and such further relief as the Court deems equitable and just.

### NINTH COUNT

37. Plaintiff, Pasquale Mastriani repeats and realleges the allegations heretofore plead in this Complaint.

38. After the execution and approval of the Master Transaction Agreement, Chrysler and DEF Corps. 1-10 learned that the driver front airbags in the Jeep Liberty contain a manufacturing and/or design defect which prevents the airbags from properly deploying, thereby subjecting drivers of its 2003 Jeep Liberty vehicles to serious personal injury. Chrysler has been fully aware of this problem through numerous reports to it and its subsidiaries of such incidents, but it has failed to remedy the issue, warn of the issue, or recall the affected vehicles. Chrysler is therefore strictly liable in tort pursuant to the New Jersey Product Liability Act, N.J.S.A. 2A:58C-1, et. seq. for its failure to warn or otherwise take remedial corrective action. Chrysler's actions were committed in a wanton, willful and/or reckless manner, without due regard for the safety of drivers such as Pasquale Mastriani.

39. As a direct and proximate result of Chrysler and DEF Corps. 1-10 failing to remedy the defective air bags and/or its components, warn of the issue, or recall the affected vehicle, plaintiff Pasquale Mastriani suffered severe and permanent injuries and has and will continue to suffer great pain and mental anguish.

WHEREFORE plaintiff, Pasquale Mastriani demands judgment against defendants FCA US LLC and DEF Corps. 1-10 for compensatory damages, interest, punitive damages, attorneys' fees, costs of suit, and such further relief as the Court deems equitable and just.

## TENTH COUNT

40. Plaintiff, Linda Mastriani repeats and realleges the allegations heretofore plead in this Complaint.

41. At all times relevant hereto, plaintiff, Linda Mastriani was and is the lawfully wedded wife of plaintiff Pasquale Mastriani.

42. As a direct and proximate result of the defendants' actions in causing significant and permanent injuries to Pasquale Mastriani, Linda Mastriani has been deprived of the services, companionship, comfort, consortium, and marital relations of and with her husband.

WHEREFORE, plaintiff, Linda Mastriani demands joint and several judgment against the defendants, FCA US LLC, Johnson Controls, Inc., ABC Corps. 1-10 and DEF Corps. 1-10 for compensatory damages, interest, attorney's fees and costs of suit and such further relief as the Court deems equitable and just.

## JURY DEMAND

A trial by jury is hereby demanded on all issues.

### DESIGNATION OF TRIAL COUNSEL

David A. Mazie, Esq. is hereby designated as trial counsel in the above captioned matter.

### DEMAND FOR INSURANCE COVERAGE

In accordance with R. 4:10-2, defendants are demanded to provide a complete copy of all their applicable insurance policies (primary and excess) and declaration sheets demonstrating coverage within thirty (30) days of service of this Complaint.

### DEMAND FOR INTERROGATORIES AND DISCOVERY

Plaintiff hereby demands that the defendants each produce within (30) days of service of this Complaint (1) certified answers to the Form C and Form C(4) Interrogatories, (2) all documents in their possession or control with regard to the aforesaid accident, (3) all design and/or engineering documents for the driver seat assembly of the 2003 Jeep Liberty, (4) all design and/or engineering documents for the front airbag assemblies in the 2003 Jeep Liberty; and (5) all documents relating to any other injuries or claims from January 1, 1995 to present resulting from a seat assembly in any Jeep cracking and/or separating from the floorboard.

MAZIE SLATER KATZ & FREEMAN, LLC
Attorneys for Plaintiff

BY: _____
DAVID A. MAZIE

Dated: January 12, 2015

11

## RULE 4:5-1 CERTIFICATION

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of another action pending in any Court or of a pending arbitration proceeding. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

BY: _____
DAVID A. MAZIE

Dated: January 12, 2015

H:\DAM\MASTRIANI\COMPLAINT.DOCX