UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PASQUALE MASTRIANI and LINDA MASTRIANI, <br><br> Plaintiffs, <br> v. <br><br> FCA US LLC f/k/a CHRYSLER GROUP LLC, on its own and as successor in interest to OLD CARCO, LLC, JOHNSON CONTROLS, INC. ABC CORPS. 1-10, AND DEF CORPS, 1-10, <br><br> Defendants. | CIVIL ACTION NO. <br> 2:15-cv-00629-SDW-SCM |

**ANSWER OF FCA US LLC f/k/a CHRYSLER GROUP LLC**

**THE PARTIES**

1. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of said events, which are therefore denied as a matter of law.

2. Answering defendant admits, upon information and belief, that Old Carco LLC, f/k/a Chrysler LLC, f/k/a DaimlerChrysler Company LLC, f/k/a DaimlerChrysler Corporation (hereinafter "Old Carco") manufactured in part with others and designed in part with others and tested in part with others and distributed certain motor vehicles, including 2003 Jeep Liberty vehicles, for sale through authorized dealerships. FCA US states that on April 30, 2009, the entity formerly known as Chrysler LLC, and certain domestic direct and indirect subsidiaries (the "Debtors"), filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of New York under chapter 11 of title 11 of the United States Code. On June 1, 2009, the Bankruptcy Court issued an

order: (1) authorizing a sale to an entity, now known as FCA US, of substantially all of the Debtors' assets free and clear of all liens, claims, interests, and encumbrances; (2) authorizing the assumption and assignment of certain executor contracts and unexpired leases in connection therewith and related procedures; and (3) granting related relief. The sale closed on June 10, 2009, and effective June 11, 2009, New Carco Acquisition LLC changed its name to Chrysler Group LLC; effective December 15, 2014, Chrysler Group LLC has changed its name to FCA US LLC. The liability of FCA US, if any, with respect to the claims asserted in this action are limited to those liabilities assumed by Chrysler Group LLC as set forth in the Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction Agreement, dated November 19, 2009. Chrysler LLC and FCA US are separate and distinct companies. FCA US is not a successor entity to Chrysler LLC, and Chrysler LLC is not a predecessor entity to FCA US. FCA US is a Delaware company that is headquartered in Auburn Hills, Michigan. It does business in the State of New Jersey. FCA US, admits that Chrysler Group LLC accepted responsibility for product liability claims for vehicles manufactured by Chrysler LLC involved in accidents on or after June 10, 2009, as more fully set forth in FCA US's first affirmative defense, incorporated herein by reference. FCA US denies all allegations in paragraph 2 of plaintiffs' amended complaint not expressly admitted in this paragraph and which are inconsistent with the foregoing.

3. Paragraph 3 of the plaintiffs' amended complaint makes no allegation against this defendant and therefore no response is made thereto.

4. Paragraph 4 of the plaintiffs' amended complaint makes no allegation against this defendant and therefore no response is made thereto.

5. Paragraph 5 of the plaintiffs' amended complaint makes no allegation against this defendant and therefore no response is made thereto.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of said events, which are therefore denied as a matter of law.

## FIRST COUNT

7. Denied. Answering Defendant denies the allegations made in paragraph 7 of the plaintiffs' amended complaint.

8. Denied. Answering Defendant denies the allegations made in paragraph 8 of the plaintiffs' amended complaint.

9. FCA US states that on April 30, 2009, the entity formerly known as Chrysler LLC, and certain domestic direct and indirect subsidiaries (the "Debtors"), filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of New York under chapter 11 of title 11 of the United States Code. On June 1, 2009, the Bankruptcy Court issued an order: (1) authorizing a sale to an entity, now known as FCA US, of substantially all of the Debtors' assets free and clear of all liens, claims, interests, and encumbrances; (2) authorizing the assumption and assignment of certain executor contracts and unexpired leases in connection therewith and related procedures; and (3) granting related relief. The sale closed on June 10, 2009, and effective June 11, 2009, New Carco Acquisition LLC changed its name to Chrysler Group LLC; effective December 15, 2014, Chrysler Group LLC has changed its name to FCA US LLC. The liability of FCA US, if any, with respect to the claims asserted in this action are limited to

those liabilities assumed by Chrysler Group LLC as set forth in the Stipulation and Agreed Upon Order Approving Amendment No. 4 to Master Transaction Agreement, dated November 19, 2009. FCA US, admits that Chrysler Group LLC accepted responsibility for product liability claims for vehicles manufactured by Chrysler LLC involved in accidents on or after June 10, 2009, as more fully set forth in FCA US's first affirmative defense, incorporated herein by reference.. FCA US denies all allegations in paragraph 9 of plaintiffs' amended complaint not expressly admitted in this paragraph and which are inconsistent with the foregoing.

**SECOND COUNT**

10. Answering Defendant repeats its responses to the allegations made in the previous Paragraphs of Plaintiffs' Complaint and incorporate them therein.

11. Answering Defendant admit that any express warranty provided with the vehicle speaks for itself.

12. Denied. Answering Defendant denies the allegations made in paragraph 12 of the plaintiffs' amended complaint.

**THIRD COUNT**

13. Answering Defendant repeats its responses to the allegations made in the previous Paragraphs of Plaintiffs' Complaint and incorporate them therein.

14. Denied. Answering Defendant denies the allegations made in paragraph 14 of the plaintiffs' amended complaint.

15. Denied. Answering Defendant denies the allegations made in paragraph 15 of the plaintiffs' amended complaint.

16. Denied. Answering Defendant denies the allegations made in paragraph 16 of the plaintiffs' amended complaint.

17. Denied. Answering Defendant denies the allegations made in paragraph 17 of the plaintiffs' amended complaint.

## FOURTH COUNT

18. Answering Defendant repeats its responses to the allegations made in the previous Paragraphs of Plaintiffs' Complaint and incorporate them therein.

19. Denied. Answering Defendant denies the allegations made in paragraph 19 of the plaintiffs' amended complaint.

20. Denied. Answering Defendant denies the allegations made in paragraph 20 of the plaintiffs' amended complaint.

## FIFTH COUNT

21. Answering Defendant repeats its responses to the allegations made in the previous Paragraphs of Plaintiffs' Complaint and incorporate them therein.

22. Paragraph 22 of the plaintiffs' amended complaint makes no allegation against this defendant and therefore no response is made thereto.

23. Paragraph 23 of the plaintiffs' amended complaint makes no allegation against this defendant and therefore no response is made thereto.

24. Paragraph 24 of the plaintiffs' amended complaint makes no allegation against this defendant and therefore no response is made thereto.

## SIXTH COUNT

25. Answering Defendant repeats its responses to the allegations made in the previous Paragraphs of Plaintiffs' Complaint and incorporate them therein.

26. Denied. Answering Defendant denies the allegations made in paragraph 26 of the plaintiffs' amended complaint.

27. Denied. Answering Defendant denies the allegations made in paragraph 27 of the plaintiffs' amended complaint.

28. Denied. Answering Defendant denies the allegations made in paragraph 28 of the plaintiffs' amended complaint.

## SEVENTH COUNT

29. Answering Defendant repeats its responses to the allegations made in the previous Paragraphs of Plaintiffs' Complaint and incorporate them therein.

30. Denied. Answering Defendant denies the allegations made in paragraph 30 of the plaintiffs' amended complaint.

31. Denied. Answering Defendant denies the allegations made in paragraph 31 of the plaintiffs' amended complaint.

32. Denied. Answering Defendant denies the allegations made in paragraph 32 of the plaintiffs' amended complaint.

33. Denied. Answering Defendant denies the allegations made in paragraph 33 of the plaintiffs' amended complaint.

## EIGHTH COUNT

34. Answering Defendant repeats its responses to the allegations made in the previous Paragraphs of Plaintiffs' Complaint and incorporate them therein.

35. Denied. Answering Defendant denies the allegations made in paragraph 35 of the plaintiffs' amended complaint.

36. Denied. Answering Defendant denies the allegations made in paragraph 36 of the plaintiffs' amended complaint.

## NINTH COUNT

37. Answering Defendant repeats its responses to the allegations made in the previous Paragraphs of Plaintiffs' Complaint and incorporate them therein.

38. Denied. Answering Defendant denies the allegations made in paragraph 38 of the plaintiffs' amended complaint.

39. Denied. Answering Defendant denies the allegations made in paragraph 39 of the plaintiffs' amended complaint.

## TENTH COUNT

40. Answering Defendant repeats its responses to the allegations made in the previous Paragraphs of Plaintiffs' Complaint and incorporate them therein.

41. Denied. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of said events, which are therefore denied as a matter of law.

42. Denied. Answering Defendant denies the allegations made in paragraph 42 of the plaintiffs' amended complaint.

## **AFFIRMATIVE DEFENSES**

1. On April 30, 2009 (the "Petition Date"), Old Carco LLC f/k/a Chrysler LLC ("Carco"), f/k/a DaimlerChrysler Corporation, f/k/a Chrysler Corporation, and certain domestic direct and indirect subsidiaries (the "Debtors"), filed voluntary petitions for relief in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), which cases were jointly administered before the Honorable Arthur J. Gonzalez as Case No. 09-50002 (AJG). As part of the bankruptcy proceedings, and approved by subsequent Order of the Bankruptcy Court, Chrysler Group LLC agreed to assume responsibility for the defense of a limited group of matters, including product liability actions arising out of accidents involving Chrysler, Dodge and Jeep vehicles that occur on or after June 10, 2009—the closing date of the sales transaction with Old Carco LLC. Effective December 15, 2014, Chrysler Group LLC changed its name to FCA US LLC. FCA US's liability is limited to those matters and actions which Chrysler Group LLC has agreed to and has been ordered to assume through the bankruptcy proceedings.

2. Plaintiffs' cause of action is barred by the Statute of Limitations pursuant to N.J.S. 2A:14-2, N.J.S. 2A:14-21 and N.J.S. 2A:14-2.1.

3. The Complaint fails to state a cause of action upon which relief may be granted as to the Defendant FCA US LLC.

4. This Court lacks personal jurisdiction over the Defendant FCA US LLC.

5. All or part of Plaintiffs' claim is barred by Plaintiffs' comparative negligence.

6. The incident and damages alleged in Plaintiff's Complaint were due to the negligence of others over whom FCA US LLC had no control.

7. There was sufficient, intervening and superseding negligence involved thus precluding Plaintiffs from making any recovery.

8. The alleged incident, damages and injuries referred to in the Complaint, if any, were caused by or arose out of a risk of which Plaintiffs had full knowledge and which Plaintiffs assumed.

9. Defendant FCA US LLC is guilty of no negligence, no actual fault and no failure to act.

10. There is no legal duty or obligation of any kind whether arising from common law, statute, contract, tort or otherwise owed by Defendant FCA US LLC to Plaintiffs at the time of the incident of which Plaintiffs complain.  In the alternative, if any duty was owed, there was no breach of that duty by the Defendant FCA US LLC.

11. The amount of damages Plaintiffs are entitled to recover, if any, must be reduced due to Plaintiffs' failure to mitigate damages.

12. Disclaimers, warnings or other agreements bar or limit Plaintiffs' claims.

13. The Defendant, FCA US LLC, had no notice or knowledge, nor should it have had notice or knowledge, of the allegedly dangerous or unsafe conditions alleged in Plaintiffs' Complaint.

14. The 2003 Jeep Liberty was not defective and was designed and manufactured in full compliance with governmental requirements and industry standards.

15. The 2003 Jeep Liberty was unforeseeably misused, abused, the subject of improper and/or failure of proper maintenance and/or repair, and/or substantially modified by others not under the control of the manufacturer, precluding Plaintiffs from making any recovery against FCA US LLC.

16. The 2003 Jeep Liberty was not in the same condition at the time of the occurrence which is the subject of this lawsuit, as it was when it left the possession, custody and control of the manufacturer.

17. When the 2003 Jeep Liberty left the control of the manufacturer, there was not a practical and technically feasible alternative design that would have prevented the harm without substantially impairing the reasonably anticipated or intended function of the product.

18. All or part of Plaintiffs' claim is barred because of his failure to wear the available seat restraints.

19. The characteristics of the 2003 Jeep Liberty are known to the ordinary consumer or user, and the harm was caused by an unsafe aspect of the product that is an inherent characteristic of the product and that would be recognized by the ordinary person who uses or consumes the product with the ordinary knowledge common to the class of persons for whom the product is intended.

20. The harm caused by an unavoidably unsafe aspect of the 2003 Jeep Liberty was accompanied by an adequate warning or instruction.

21. One or more of Plaintiffs' causes of action are barred because Plaintiffs and/or Plaintiffs' agents have, by their actions or omissions, destroyed, lost or spoliated evidence.

## ANSWER TO CROSSCLAIMS / COUNTER CLAIMS

Defendant FCA US LLC hereby denies any and all allegations contained in any and all crossclaims/counterclaims for indemnification and/or contribution.

## NOTICE OF ALLOCATION

Pursuant to Young v. Latta, 120 N.J. 584 (1991) Defendant hereby advises that it will seek an allocation of fault as to all other responsible persons and entities, whether or not named

in this lawsuit, and that if any Co-Defendants settle the within matter with Plaintiffs at any time prior to the conclusion of trial, the liability of any settling Co-Defendants shall remain an issue and Defendant shall seek an allocation and/or percentage of negligence by the finder of fact against any such settling Co-Defendants, and/or a credit in favor of Defendant consistent with such allocation.

## JURY DEMAND

Defendant hereby demands a jury trial on all issues.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that ROBERT M. HANLON, JR., ESQ. is hereby designated as trial counsel for defendant FCA US LLC in the within captioned matter.

Respectfully submitted,

**GOLDBERG SEGALLA LLP**
Attorneys for Defendant
FCA US LLC

By: _____/ s/ Bonnie H. Hanlon_____
Bonnie H. Hanlon, Esq.

Dated: February 3, 2015